# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 3, 2022

Lyle W. Cayce
Clerk

No. 21-60220
Summary Calendar

———

Wilmer Omar Santa Maria Ochoa,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A 094 825 842

———

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Wilmer Omar Santa Maria Ochoa, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals's (BIA) decision dismissing his appeal from a decision of the Immigration Judge (IJ) denying him Temporary Protected Status (TPS), withholding of removal, and

———

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

cancellation of removal. According to Santa Maria Ochoa, the IJ applied an incorrect, heightened standard of proof for his eligibility for TPS and failed to credit the affidavits of his non-testifying witnesses while relying on those of the Government despite Santa Maria Ochoa's lack of review of the documents or cross-examination of the witnesses. Further, Santa Maria Ochoa contends that the IJ applied the incorrect legal standard for nexus for purposes of withholding of removal, failed to consider the possible evolution of motivations of his persecutors, failed to address "the cumulative severity of harm to a child" from the theft and assault he experienced, and failed to elicit expansion of the particular social group that Santa Maria Ochoa explicitly defined to the IJ. As for his application for cancellation of removal, Santa Maria Ochoa argues that the IJ erred by speculating about potential improvements in Santa Maria Ochoa's daughter's health for purposes of cancellation of removal and failed to consider the hardship to the child if she were relocated to Honduras, although Santa Maria Ochoa unequivocally stated to the IJ that the child would remain in the United States. Because Santa Maria Ochoa failed to raise these challenges in his appeal to the BIA, we lack jurisdiction to consider these arguments. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

Additionally, Santa Maria Ochoa avers that this matter should be remanded in light of the 2021 attorney general decision in *Matter of L-E-A-*, 28 I. &N. Dec. 304, 305 (U.S. Att'y Gen. 2021), which issued after the BIA's decision in this matter. Santa Maria Ochoa failed to present this new defect to the BIA in a motion to reconsider and so has failed to exhaust this issue as well and has deprived this court of jurisdiction to consider the challenge. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022).

Because Santa Maria Ochoa has failed to exhaust in the agency the arguments he seeks to raise here, this matter is DISMISSED for lack of jurisdiction.